SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Sameer Parvez

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Sameer Parvez,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Ocwen Loan Servicing, LLC<br><br>　　　　　Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>　1. Violation of Truth In Lending Act |

COMES NOW Plaintiff Sameer Parvez, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. Plaintiff brings an action to enforce their rights under The Truth In Lending Act an the Fair Debt Collection Practices Act.
2. This case arises under 15 U.S.C. §1601 et seq.
3. This action is being brought against Ocwen Loan Servicing, LLC

4. The United States Congress has found that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers.

5. The Truth In Lending act (TILA) was enacted to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

6. On July 7, 2017 the Consumer Financial Protection Bureau modified the federal mortgage disclosure requirements under the Real Estate Settlement Procedures Act and the Truth in Lending Act that are implemented in Regulation Z.

7. Under the modification consumers in active bankruptcies with certain exceptions were to begin receiving periodic mortgage statements.

8. This action is filed to enforce Plaintiffs' consumer rights under Regulation Z's requirements published in CFR §1026.41 "Periodic Statements for residential mortgage loans"

9. Under CFR §1026.41 creditors shall furnish consumers with a periodic statement that discloses certain critical information including amount due, explanation of amount due, past payment breakdown, transaction activity, partial payment information, contact information, account information, and delinquency information.

10. Consumers depend on these periodic mortgage statements to track their balances and ensure payments are applied properly i.e. peace of mind.

11. Without regular periodic statements a consumer can not readily ascertain whether mortgage payments are being received and or applied properly.

12. When a consumer continuously does not receive periodic mortgage statements every piece of critical information congress has mandated be supplied to a consumer remains a mystery.

13. The continuous absence of critical information at a minimum causes severe stress, anxiety, and frustration in consumers.

14. Here, not only has Plaintiff experienced severe emotional distress but Defendants lack of due diligence in sending regular monthly mortgage statements has led to Defendants

not providing Plaintiff with an accurate update regarding the status of his mortgage despite Plaintiff making monthly payments on the loan.

## JURISDICTION & VENUE

15. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.
16. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.
17. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

18. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

### Plaintiff's Bankruptcy Filing

19. Plaintiff filed for Chapter 13 bankruptcy protection on June 30, 2014.
20. Plaintiff's Chapter 13 plan of reorganization was confirmed on July 29, 2014.
21. At the time of filing Plaintiff owned certain real property commonly referred to as 40717 Greystone Terrace, Fremont, CA 94538. ("Property").
22. The Property was encumbered with a first deed of trust held by Bank of America, N.A. ("BANA")
23. BANA later transferred its interest to Ocwen Loan Servicing, LLC ("Ocwen") on or around September 18, 2012.
24. At the time of Plaintiff's chapter 13 filing Ocwen was still servicing the loan and was the owner of the loan.
25. Plaintiff has been making his mortgage payment while he has been in his chapter 13.
26. Ocwen has not sent Plaintiff any period statements showing what has been paid on the mortgage or what is otherwise outstanding.
27. Plaintiff has not been able to verify what if any delinquency existed because Plaintiff has not been receiving any statements.
28. Plaintiff's mortgage has not been discharged in his chapter 13 bankruptcy.
29. To date Plaintiff has failed to receive multiple mortgage statements.

30. Despite this Plaintiff have been diligently sending his monthly mortgage payments to Ocwen each month despite not receiving any confirmation that the payments were received.
31. To date Plaintiff has no way of verifying whether his monthly payments were applied correctly or why his loan may have been flagged delinquent.

**FIRST CAUSE OF ACTION**
(Violation of CFR § 1026.41)
Against Ocwen)

**Ocwen –Failure to provide periodic statements.**

32. Plaintiffs realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.
33. CFR §1026.41(a)(2) provides: A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section. If a mortgage loan has a billing cycle shorter than a period of 31 days (for example, a bi-weekly billing cycle), a periodic statement covering an entire month may be used.
34. Under CFR 1026.41(a)(2) servicer includes the creditor, assignee, or servicer, as applicable.
35. Ocwen is therefore a creditor of the loan as defined by CFR 1026.41(a)(2).
36. CFR §1026.41(b) provides: The periodic statement must be delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle
37. Under CFR§1026.41(d) the periodic statement *__shall__* contain certain content including:
    a. Amount due
    b. Explanation of amount due
    c. Past payment breakdown
    d. Transaction activity
    e. Partial payment information
    f. Contact information
    g. Account information

    h. Delinquency information

38. Failure to include one of the aforementioned sections constitutes a facial violation under 15 U.S.C. §1641(e).

39. Ocwen has owned the loan since at least 2012.

40. Plaintiffs have never opted out of his right to receive statements.

41. The Loan is not a reverse mortgage as described in 12 C.F.R. § 1024.41(e)(1).

42. The Loan does not secure an interest in a timeshare plan as described in 12 C.F.R.§ 1024.41(e)(2).

43. Ocwen has not provided Plaintiff with a coupon book that meets the requirements of 12C.F.R. § 1024.41(e)(3).

44. Ocwen is not a small servicer as that term is defined in 12 C.F.R. § 1024.41(e)(4).

45. Plaintiff has been in a debtor in bankruptcy under Title 11 of the United States Code but the mortgage has not and will not be discharged.

46. Ocwen's actions are not covered by the "single-statement exemption."

47. Ocwen's actions constitute a willful violation of 12 CFR §1024.41.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff prays for judgment as follows:

49. For preliminary and permanent injunctive relief to stop Defendant Ocwen from engaging in the conduct described above

50. An award of actual damages, statutory damages, costs, and attorney's fees against Ocwen under 15 U.S.C. §1641(d)(2)(A) not to exceed:

    a. An award of actual damages in the amount of $5,000 under 15 U.S.C §1640(a)(1)

    b. An award of statutory damages in the amount of $4,000 under 15 U.S.C. §1640(a)(2)(A)(i)(iv)

    c. And reasonable attorney's fees and costs under 15 U.S.C. §1640(a)(3).

**SAGARIA LAW, P.C.**

Dated:    August 28, 2018    By:    */s/ Elliot Gale*
    Scott Sagaria, Esq.
    Elliot Gale, Esq.

                                                                          Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of this matter by jury.

                                                                **SAGARIA LAW, P.C.**

Dated: August 28, 2018                                  */s/ Elliot Gale*
                                                                Scott Sagaria, Esq.
                                                                Elliot Gale, Esq.
                                                                Attorneys for Plaintiff